NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1024

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 528710

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming a Sex Offender Registry Board (board) decision that classified Doe as a level two sex offender.  On appeal, Doe claims that the board's hearing examiner (examiner) failed to provide adequate explanation for Doe's level two classification.  We affirm.

Discussion.  A board decision "may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law."  Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006).

"[I]n order to classify an individual as a level two sex offender, the hearing examiner is required to make three explicit determinations by clear and convincing evidence: (1) that the risk of reoffense is moderate; (2) that the offender's dangerousness, as measured by the severity and extent of harm the offender would present to the public in the event of reoffense, is moderate; and (3) that a public safety interest is served by Internet publication of the offender's registry information."

Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 644 (2019). In so doing "[t]he hearing examiner has discretion to determine how much weight to ascribe to each factor under consideration." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138-139 (2019) (Doe No. 23656). In reviewing a board examiner's decision, "we 'give due weight to the experience, technical competence, and specialized knowledge of the [board].'" Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013) (Doe No. 205614), quoting G. L. c. 30A, § 14 (7).

Here, relying on other cases in which board examiners did not adequately explain their reasoning, Doe argues that the examiner here also failed to adequately explain how the risk factors applicable to Doe supported his classification as a level two sex offender. See, e.g., Doe No. 205614, 466 Mass. at 596; Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 573-574 (2020) (Doe No.

2

11204); Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651-652 (2012) (Doe No. 136652).  He further contends that the examiner's decision "reflect[ed] the mechanical application of a checklist," rather than providing a reasoned analysis.  We disagree.

The examiner's findings are easily distinguished from the cases that Doe relies on to characterize the findings as "mechanical."  Specifically, in the cases relied on, the hearing examiners applied factors divorced from their appropriate context, declined to consider relevant evidence based on narrow technicalities, and provided little to no explanation for their ultimate decision.  See, e.g., Doe No. 205614, 466 Mass. at 607 (finding error where board examiner disregarded study demonstrating relevance of gender to assess risk of reoffense without citing studies to the contrary); Doe No. 11204, 97 Mass. App. Ct. at 575 (finding error where board examiner "effectively disregarded" reports that plaintiff's risk of recidivism was low because reports were created during sexually dangerous person proceedings rather than Sex Offender Registry Board proceedings); Doe No. 136652, 81 Mass. App. Ct. at 651-652 (finding error where board examiner considered fact that victim was prepubescent to be aggravating factor despite fact that

3

offender was ten years old and victim was seven years old).  In contrast, the examiner here explained and appropriately contextualized her findings.  For example, she recognized that it had been twelve years since Doe was released for his governing conviction,[1] but noted that Doe had spent 2014 to 2020 incarcerated for another offense, a fact that limited his ability to sexually reoffend.  Likewise, the examiner noted that Doe's age, sixty-five years old at the time of the hearing, was a mitigating factor to his risk of reoffense, but also recognized that he committed his two governing offenses at the "advanced age[s]" of forty-one years and fifty years, respectively.

Indeed, the heart of Doe's argument appears to be that, because of the deep relationship between his substance use and his criminal history, the examiner should have given greater weight to the facts that Doe has been sober from the beginning of his incarceration in 2014 and that he enjoys substantial support from his family.  While it is true that Doe has substantial family support and that, admirably, Doe has been sober since his incarceration in 2014, the hearing examiner noted that Doe had been sober and living in the community for

---

[1] Doe was paroled from his governing offenses on December 25, 2010.

4

less than three years at the time of his hearing and has an extensive substance use history going back decades before his sobriety began. The hearing examiner determined that Doe's continued sobriety remains speculative based on those facts. See Doe No. 205614, 466 Mass. at 602 ("we 'give due weight to the experience, technical competence, and specialized knowledge of the agency'" [citation omitted]). Thus, finding either that Doe did not pose a moderate risk of reoffending or that he is not moderately dangerous would require us to take on the hearing examiner's role, which we will not do. See Doe No. 23656, 483 Mass. at 138-139.

Judgment affirmed.

By the Court (Desmond, D'Angelo & Smyth, JJ.[2]),

Clerk

Entered: January 23, 2026.

---

[2] The panelists are listed in order of seniority.